Sarbelio Humberto **RUIZ PENSAMIENTO,**
Petitioner,

v.

Alberto R. **GONZALES, Attorney General, Respondent.**

No. 05–71042.

United States Court of Appeals,
Ninth Circuit.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Submitted Dec. 4, 2006.*

Filed Dec. 8, 2006.

CAC–District Counsel, Esq., Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, James A. Hunolt, Esq., Office of the District Counsel Department of Homeland Security, San Francisco, CA, Oil, Kristin K. Edison, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, LEAVY and FISHER, Circuit Judges.

## MEMORANDUM **

Sarbelio Humberto Ruiz Pensamiento, a native and citizen of Guatemala, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order affirming the Immigration Judge's ("IJ") order denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence and will grant the petition only if the evidence compels a contrary decision. *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition for review.

Ruiz Pensamiento presented no evidence that the deaths of his father and brother, both of which involved unknown assailants, occurred on account of his father's position in the Guatemalan military. Moreover, Ruiz Pensamiento fails to establish that anyone imputed or would impute a political opinion to him based upon his father's background. *See Molina–Estrada v. INS*, 293 F.3d 1089, 1094–95 (9th Cir.2002) (where petitioner presents evidence that his father was in the Guatemalan military, without evidence that his father held a political opinion, petitioner cannot establish that anyone imputed his father's alleged political opinion to him). Therefore, substantial evidence supports the IJ's conclusion that Ruiz Pensamiento failed to establish past persecution or a well-founded fear of future persecution on account of an enumerated ground. *See Sangha v. INS*, 103 F.3d 1482, 1491 (9th Cir.1997) (concluding that petitioner failed to show that he faced problems on account of his political opinion).

Petitioner waived his claims for withholding of removal and CAT relief by failing to address them in his opening brief. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir.1996).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

